## GROVELL v. STOCKARD S. S. CO.
### No. 9866.

United States Court of Appeals
Third Circuit.

Argued May 6, 1949.

Decided June 6, 1949.

Mace H. Scovell, Philadelphia, Pa., for appellant.

Robert Cox, Philadelphia, Pa. (Krusen, Evans & Shaw, Philadelphia, Pennsylvania, on the brief), for appellee.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This is a suit by a seaman, first, for maintenance and cure, and second, to recover for aggravation of injuries alleged to have been sustained through the negligence of his employer. The seaman was a member of the crew of the ship, Florence Martus, which on January 11, 1947, was in the port of Catania, Sicily. On shore leave the seaman was hit in the eye by a carriage whip wielded by an unidentified Italian coachman. The employer had nothing to do with this injury. The District Court found the employer responsible for maintenance and cure, basing the conclusion on an express finding that the injury was sustained in the service of the ship. This holding is not seriously contested by the employer.

The injured man was first treated by the Purser and then while in port in Catania, was provided with medical attention from both a general practitioner and an eye specialist. The form of treatment prescribed by the general practitioner was approved by the specialist, and continued by the Purser. There is nothing to show that at that time the Master of the ship had any knowledge, or means from

which he should have drawn a conclusion that the injury was serious. The written report from the Italian physician, procured as a result of the company's investigation some months later, indicates that the injury was a bad one. But the consultations at the time and the treatment prescribed did not give the Master reason to know that it involved anything more than a black eye. We agree, therefore, with the District Court's conclusion that the treatment given the seaman following the injury was in accordance with the requirements of reasonable care.

■ The injured man spent approximately two weeks in his bunk. Then the Master, evidently concluding that the man was a malingerer, ordered him back to work. He went back to work. There is some testimony to the effect that this return to work aggravated the injury to his eye. A physician at the trial in Philadelphia testified that for the injury, as he diagnosed it, two or three weeks rest for both eyes was indicated. The appellant had two weeks of rest. But, more important, there is nothing to show that the Master of the ship knew that the type of injury to be aggravated by work existed, or that he had information from which he should have drawn such a conclusion. In the District Court there was no express finding upon this point.[1] We make one, which is in accordance with the other findings by the District Court. We find that the employer was not negligent in ordering the man to return to work when he did. Since he was not negligent he is not, of course, responsible for consequences.

■ The cases cited by the appellant we accept fully.[2] It is quite one thing, however, to hold the ship responsible where a seaman known to be ill or injured is ordered to work against the orders of a physician, as in The Point Fermin, 5 Cir., 1934, 70 F.2d 602, and where a man reasonably thought to be a malingerer is put at his customary non-hazardous job.

The judgment of the District Court will be affirmed.

---

[1] It is implicit, we take it, in the conclusion of law which states: "Libellant has not borne the burden of proving that his present condition is to any ascertainable degree the result of negligence or improper care on the part of respondent."

[2] The duty to provide medical care for a sick or injured seaman, even at considerable cost and delay, is certainly well-settled. The Iroquois, 1904, 194 U.S. 240, 24 S.Ct. 640, 48 L.Ed. 955; De Zon v. American President Lines, 1943, 318 U.S. 660, 63 S.Ct. 814, 87 L.Ed. 1065. But the shipowner must know or have reason to know of the need for medical care. See, e. g., Unica v. United States, D.C.S.D.Ala. 1923, 287 F. 177 (failure of Master to inquire as to condition of seaman known to have fallen into a hold and sustained some injuries); The Governor, D.C.N.D.Cal. 1915, 230 F. 857 (failure to obtain medical treatment at first port reached after injury).