## INFANTE et ux. v. MOORE–McCORMACK LINES, Inc.

### No. 115 of 1947.

United States District Court
E. D. Pennsylvania.
June 15, 1950.

Stark & Goldstein, Philadelphia, Pa., for libellants.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

CLARY, District Judge.

This matter is before me on respondent's motion for summary judgment or for dismissal of the libel. The libel alleges that Rosina Infante was a passenger aboard the S. S. Marine Angel on a trip from Naples to New York; that on or about August 25, 1946, while the vessel was at sea, Rosina Infante slipped on a greasy substance on the deck and sustained injuries, as a result of which this suit was instituted. In support of its motion, respondent submitted an affidavit of Albert F. Chrystal, Vice President of the Moore-McCormack Lines, Inc., to the effect that the S. S. Marine Angel was not at any time owned, operated, or controlled by the respondent but that the respondent was the General Agent for the Administrator, War Shipping Administration; that respondent did not issue a passenger ticket to Mrs. Infante, but that said ticket was issued by the American President Lines, which was the Berth Agent for the Vessel on behalf of the Master of the vessel; that the passenger ticket so issued was known as and clearly identified as a "Warshipticket".

Respondent contends that as a General Agent, it is not the employer of the Master or the crew and is, therefore, not liable for the negligence of the Master or the crew members. In support of its con-

72

tention, respondent cites the cases of Weade v. Dichmann, Wright and Pugh, Inc., 337 U.S. 801, 69 S.Ct. 1326, 93 L.Ed. 1704, and also the cases of Cosmopolitan Shipping Company, Inc., v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, and Fink v. Shepard S. S. Co., 337 U.S. 810, 69 S.Ct. 1330, 93 L.Ed. 1709. Libellants seek to distinguish the case at bar from the facts of Weade v. Dichmann, supra, by arguing that in the Weade case, the Court specifically pointed out that in addition to the General Agency contract such as is here involved, there was an addendum covering the carriage of passengers. Libellants argue, therefore, that absent the addendum the respondent cannot rely upon its position as General Agent to avoid liability. I do not see how the addendum or the absence of the addendum has any bearing on this case. Moore-McCormack Lines in its capacity as General Agent for the carriage of cargo had a duty of procuring crew personnel on behalf of the Master. The Master himself is a direct employee of the War Shipping Administration. Under the decisions of the cases above cited, the General Agent has no liability for the negligence of the crew members nor has it any liability to the crew members themselves if they are injured in the course of their employment. If Mrs. Infante was injured as a result of the negligence of the Master and/or the crew members clearly that principle would apply. Since the libel alleges negligence on the part of the crew members and since, as I have indicated above, respondent is not responsible for the actions of those crew members, the libellants can show no ground for imposing liability upon the respondent.

If libellants seek to hold the respondent liable for violation of a duty as a common carrier, on the record before me, I can see no basis for that contention. Respondent's position is set forth in a copy of the General Agency contract attached as an Exhibit to Mr. Chrystal's affidavit. In it, respondent's duties are outlined, and no mention is made whatsoever of any right on the part of the respondent to arrange for the carriage of passengers. If any company had that right, it apparently was the American President Lines. Under what

form of contract American President Lines was authorized to arrange for carriage of passengers aboard a vessel of the War Shipping Administration does not presently appear. Certainly there is nothing to indicate that the respondent was authorized in any way to carry on a passenger business on its own behalf. For the foregoing reasons, I make the following

### Order

And Now, to wit, this 15th day of June, 1950, for the reasons set forth in the foregoing opinion, it is ordered, adjudged and decreed that the libel in personam be and it is hereby dismissed.