## BRADY v. WATERMAN S. S. CORP.
### Civ. No. 11066.

United States District Court
E. D. Pennsylvania.

Sept. 25, 1950.

---

1. No opinion for publication.

630

Stark & Goldstein, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

WELSH, District Judge.

This motion for summary judgment on the ground that no genuine issue as to a material fact exists was filed by plaintiff.

On or about October 17, 1949, plaintiff was employed by the defendant in the capacity of ordinary seaman aboard the vessel S. S. Bienville. On that date, plaintiff while preparing gear for unloading slipped and fell and sustained injuries. As a result, plaintiff instituted the present suit to recover damages under the Jones Act, 46 U.S.C.A. § 688, and wages and maintenance and cure under the general admiralty and maritime law. After an answer had been filed by the defendant and after plaintiff's interrogatories and defendant's answers to interrogatories had been filed, plaintiff moved the Court for the entry of summary judgment on the second cause of action for wages and maintenance and cure.

■ 1. Summary judgment, under Rule 56(c) of the Federal Rules of Civil Procedure, as amended, 28 U.S.C.A., can only be had if upon the entire record before the Court no genuine issue of fact material to the dispute between the parties is present. Kent v. Hanlin, D.C., 35 F.Supp. 836, 837. In our judgment the record discloses the existence of several issues of fact material to the dispute and accordingly we deny the instant motion.

■ 2. It is averred by plaintiff that in the course of preparing gear for unloading he slipped and fell and sustained injuries. Defendant admits plaintiff slipped and fell and sustained some injuries, but it does not admit plaintiff incurred a disability as a consequence of the injuries sustained. To be entitled to wages and maintenance and cure plaintiff must show that the injuries complained of resulted in a disability. Thus, whether or not plaintiff incurred a disability is the initial issue to be resolved and that can only be done by the introduction of evidence at trial.

■ 3. If it is established by plaintiff that a disability was incurred by him he then has the burden of showing it continued until after the termination ·of the

voyage. If, as stated above, defendant does not admit plaintiff incurred a disability it necessarily follows that it does not admit plaintiff's disability continued after the termination of the voyage. Thus, we see another issue of fact which must be determined at the trial—the period of plaintiff's disability. This issue is as to a fact material to the dispute for proof of the continuation of the disability after the termination of the voyage would entitle the plaintiff to wages and maintenance and cure and failure of such proof would not.

■ 4. Defendant's answers to interrogatories contain, inter alia, the following: "7. Claimant carried to room and revived but required no other first aid at the time of the accident. He was sent to a doctor in Brake, Germany, upon arrival at that city and refused to wait until the doctor arrived at his office. 10. Claimant afterward received treatment at United States Public Health Service, Philadelphia, Pennsylvania, where he refused to cooperate with the medical authorities in receiving treatment."

In Moriarty v. Oliver J. Olson & Company, D.C., 72 F.Supp. 446, it was held that a seaman having declined the opportunity for treatment at a tuberculosis hospital as offered and having left another hospital contrary to medical advice was not entitled to maintenance and cure. Accordingly, it is the contention of the defendant that if plaintiff's refusal of medical treatment at Brake, Germany, and his subsequent failure to cooperate with the United States Public Health Service in Philadelphia were established as facts his right to wages and maintenance and cure would be defeated. In other words, his right would be defeated because it was his own misconduct which caused the injuries. On the other hand, plaintiff avers that he slipped and fell and sustained injuries while in the service of the ship and that said injuries were caused by the negligence of the defendant and the unseaworthiness of its vessel. Thus, we have another issue of fact which can only be resolved by the introduction of evidence at the trial of the case.

5. In conclusion, plaintiff's motion for summary judgment on the second cause of action for wages and maintenance and cure is denied on the ground that genuine issues of fact material to the dispute between the parties exist.

An order in conformity with the foregoing opinion will be submitted.