INFANTE et ux. v. MOORE–McCOR-
MACK LINES, Inc.

No. 115 of 1947.

United States District Court
E. D. Pennsylvania.

Oct. 16, 1950.

Stark & Goldstein, Philadelphia, Pa., for libellants.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

CLARY, District Judge.

The libellant's sole objection to the Order of Dismissal entered in this matter, D.C., 91 F.Supp. 71, appears to be that the Admiralty Rules do not provide for the entry of summary judgment and that the only cause for dismissal of a libel is that set forth in Rule 38, 28 U.S.C.A. Libellant's position may therefore be summed up as stating that the provisions of the Admiralty Rules limit the power of the court and that the power set forth in the rules is exclusive. With this, of course, I cannot agree. Courts in Admiralty traditionally have had the powers of the Civil Courts. Likewise Courts of Admiralty have not followed rigid procedure and have set the course in enlightened practice in matters of procedure. In this case, the Court determined that, as a matter of law, the libellant could not assert a cause of action against the named defendant since the defendant was acting in the capacity of general agent. Merely to state the proposition that the court is without power preliminarily to determine that question and upon finding against the libellant to dismiss the libel is to manifest its absurdity. It would be pure sham to allow this matter to proceed to trial and then after trial to accomplish the same result as has already been accomplished by the Order of Dismissal. For an enlightened discussion of the powers of the Admiralty Courts see Dowling v. Isthmian S. S. Corp., 3 Cir., 184 F.2d 758.

Dismissal of libels by this Court for reasons other than set forth in Rule 38 is not at all unusual. See Theriot v. Atlantic Refining Co., D.C., 91 F.Supp. 856, opinion by Bard, J.; Crescitelli v. United States, D.C., 66 F.Supp. 894, opinion by Chief Judge Kirkpatrick; and Order of Judge Kirkpatrick in Falciani v. Keystone Shipping Co.,[1] E.D.Pa., Admiralty, No. 233 of 1947, entered December 19, 1949. For dismissal of libels in other jurisdictions for reasons other than set forth in Rule 38, see notes of cases collected in 2 Federal Digest, Admiralty—Section 39.

1. No opinion for publication.