**NORTH AMERICAN SMELTING CO. v. MOLLER S. S. CO., Inc.**

No. 175.

United States District Court
E. D. Pennsylvania.

Nov. 21, 1950.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

James S. Benn, Jr., Philadelphia, Pa., for libellant.

CLARY, District Judge.

This is a libel in personam by the North American Smelting Company to recover damages from Moller Steamship Company, Inc., respondent, for a shortage in shipment of scrap metal transported by respondent in its motor-ship Johannes Maersk from Manila, Philippine Islands to Philadelphia, Pennsylvania. The libel alleges delivery of the shipment to respondent at Manila, the issuance of a bill-of-lading covering the same, the loading of the shipment on board said motorship, the arrival of the vessel at Philadelphia, the delivery of the major portion of the shipment, and the failure to deliver the remainder. To the libel, exceptions were filed supported by exceptive allegations. The matter is now before me on

respondent's exceptions supported by exceptive allegations and libellant's answers thereto.

█ Careful consideration of the exceptive allegations upon which the respondent relies reveals that they consist entirely of allegations of fact relative to the handling of the aforementioned shipment at Pier 98 in the port of Philadelphia. Respondent alleges that its own records show that the entire shipment was discharged to the dock in Philadelphia. It urges the Court to accept these allegations as fact and dismiss the libel for lack of admiralty jurisdiction. This would extend the use of exceptive allegations in admiralty actions far beyond the limitations set in decided cases. I have already discussed the limitations upon the use of exceptive allegations in the case of Eldridge v. Isbrandtsen Co., Inc., reported at D.C., 89 F.Supp. 718. There is no need to repeat the discussion embodied in that opinion and I still adhere to my ruling that exceptive allegations, when properly denied by answer, as here, should not be the basis of summary action. Proper use of exceptive allegations usually brings to the attention of the court, matters of which it may take judicial knowledge. When they attempt to allege evidentiary facts, those facts must be clear and uncontradicted.

There are many factual matters which are in dispute. The complete discharge of the cargo is not admitted. Acquisition of the entire shipment, either actually or constructively, by the libellant is not admitted. Libellant has raised certain questions of port customs and free time which must be a matter of consideration at the time of trial. These factual disputes must be inquired into fully before a proper determination of this case can be made.

█ Further, sustaining the exceptions to the libel would in effect be a summary judgment. I am never in favor of summary judgments unless all facts are so crystal clear that there remains only the application of legal principles to them. In the present state of the record such a course is not indicated.

█ Since, as I have stated, there are many disputed factual issues which must be resolved, I do not reach the question whether the completed discharge to the dock divests this Court of admiralty jurisdiction. The exceptions, therefore, are dismissed.