### MURPHY v. LIGHT.
### No. 14906.

United States Court of Appeals,
Fifth Circuit.

April 15, 1954.

Arthur Roth, Monte K. Rassner, Miami, Fla., for appellant.

Daniel Neal Heller, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Brought for the maintenance and cure claimed to have been made necessary by an assault or beating, the libel was in personam [1] against respondent, the owner of a twenty-six foot steel craft cruiser, "Jesse II".

After its amendment, in response to exceptions, the respondent answered, denying its allegations, and alleging that the claimed assault and the injuries resulting therefrom had been brought upon libelant by his own wrong doing and fault, and, further, that when the claimed injuries were received the libelant was not about the business of the vessel or its owner.

Thereafter, libelant having answered interrogatories propounded to him by respondent and requests for admissions made of him, respondent filed a motion

1. Admiralty Rule 15, 28 U.S.C.A.

for summary judgment attaching thereto the affidavit of one John Willis Olson, the person claimed by libelant to have assaulted him.

Libelant, in his turn, filed a motion for summary judgment in his favor and, on November 5, 1953, the district judge, upon the stipulation of counsel in the cause, that he should do so, entered an order vacating the order for the trial, on November 16, 1953, on its merits, and fixing that date for the presentation of the motions of libelant and respondent for summary judgment.

On the day fixed, the parties appeared and argued their motions, and the district judge entered an order [2] denying libelant's, and granting respondent's, motion for summary judgment, and this appeal is from that judgment.

Here libelant, pointing to the ground assigned by the district judge for entering his judgment, that libelant "received his injuries by reason of an assault and battery committed by a third party not employed by respondent or on respondent's vessel", insists that these findings do not at all support the judgment entered, and it must be set aside. In addition, it urges upon us that, on the facts of record, libelant's motion for summary judgment should have been granted.

Neither appellant nor appellee makes any point of the fact that the rules of practice in admiralty and maritime cases promulgated by the Supreme Court do not provide for summary judgment procedure. It is true, though, that, by Admiralty Rule 44, it is provided that the district courts may regulate their practice in such a manner, not inconsistent with the rules, as they deem most expedient for the due administration of justice.[3]

While, therefore, our attention is not directed to any general rule, practice, or procedure in the District Court for the Southern District of Florida, adopting, making use of, or otherwise allowing summary judgment procedure in causes in admiralty, the parties and the court agreed to, and by order provided for, its use in this case, and we find nothing inconsistent with the general admiralty rules or erroneous in their having done so.

When it comes, however, to the merits of the decision, we think it quite plain that the finding of the district judge will not support the judgment,[4] and, further, that the case pre-

---

2. On Nov. 16, 1953, final order was filed as follows:

"This cause came on to be heard on libelant's Motion for Interlocutory Summary Judgment, and respondent's Motion for Summary Judgment, and it appearing to the Court from the pleadings, affidavits, answers to requests for admission, answers to interrogatories, and from the entire record in this cause that there is no material issue of fact as to the fact that libelant received his injuries by reason of an assault and battery committed by a third party not employed by respondent or employed on respondent's vessel, and that libelant's Motion should be denied and respondent's Motion granted.

"It is, therefore, Ordered by the Court:

"1. That libelant's Motion for Interlocutory Summary Judgment be, and the same is hereby, denied.

"2. That respondent's Motion for Summary Judgment be, and the same is hereby, granted and the libel herein is dismissed with prejudice.

"3. Respondent shall recover his costs to be assessed by the Clerk.

"Done and Ordered in Open Court at Miami, Dade County Florida, this 16th day of Nov., A.D., 1953.

(S.) John W. Holland, Chief Judge."

3. Cf. the full and interesting discussion in Dowling v. Isthmian S.S. Corp., 3 Cir., 184 F.2d 758.

4. Aguilar v. Standard Oil of N. J., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107; Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850; Peterson v. Marine Transport Lines, Inc., 86 Cal. App.2d Supp. 927, 194 P.2d 161, 1948 A.M.C. 544; Grovell v. Stockard Steamship Co., 3 Cir., 176 F.2d 121, 1949 A. M.C. 1621; Nowery v. Smith, 3 Cir., 161 F.2d 732; Seely v. City of New York, 2 Cir., 24 F.2d 412; Norris, Law of Seamen, Vol. 2, § 556.

sents issues of fact which cannot be disposed of on summary judgment, and which require a trial on the merits.

The judgment appealed from is, therefore, reversed, and the cause is remanded for such trial, with costs of appeal against the appellee.