**REDERI A/B Gylfe (Stig Gorthon, Mgr.), as Owner of The TILIA GORTHON, Libellant,**

v.

**SINASON AND ZEITLIN, Inc., Leo Zeitlin & Co., Inc., and F. L. Kraemer & Co., Respondents.**

United States District Court
S. D. New York.
Dec. 16, 1955.

**720**

Haight, Deming, Gardner, Poor & Havens, New York City, for libellant.

Rothenberg & Rothenberg, New York City, for respondents Sinason and Zeitlin, Inc. and Leo Zeitlin & Co., Inc.

DAWSON, District Judge.

This is a proceeding in admiralty wherein the defendant moves for summary judgment on the ground that the action is barred by the Louisiana statute of limitations. The Louisiana statute of limitations is not binding upon this Court in matters in admiralty. An Admiralty Court must determine whether, in view of all the circumstances, the demand is so stale as to be deemed neglected and abandoned, in accordance with the equitable doctrine of laches. While the Courts sometimes follow the analogy of the state statutes of limitations, those statutes are not necessarily controlling. See Benedict on Admiralty (6th Ed.) §§ 462–463. Whether a claim will be held barred by laches depends not so much upon the lapse of time as upon a change of circumstances affecting the condition and rights of the parties. Op. cit. § 464. These matters cannot be determined upon the papers on this motion for summary judgment. The case is about to go to trial and the determination of the issue of laches should be left for the Trial Court who will be in a position to have all the facts before him.

The motion is denied. So ordered.