John J. **LONGBOTTOM**
v.
**AMERICAN DREDGING COMPANY.**
No. 411 of 1957.

United States District Court
E. D. Pennsylvania.
Jan. 27, 1958.

Stark & Goldstein, Philadelphia, Pa., for libellant.

John B. Hannum, 3rd, Pepper, Bodine, Frick, Sheetz & Hamilton, Philadelphia, Pa., for respondent.

EGAN, District Judge.

This case is before the Court on the libellant's motion for summary judgment pursuant to the filing of the libel in personam and the answer thereto.

The action proper involves a claim for maintenance and cure allegedly accruing to the benefit of the libellant since December 7, 1956—the date·of a prior decree in his favor. (No. 465 of 1954, In Admiralty, E.D., Pa.) [1]

The motion is bottomed on the theory that the respondent has alleged no defense to this present claim in that all issues raised by the answer are res judicata by virtue of the "Findings of Fact and Conclusions of Law" filed by Van Dusen, J., in the aforementioned prior action.

Libellant's right to bring the present action was recognized by Judge Van Dusen when he stated in his "Conclusions of Law" the following:

" * * * He is entitled to a total award of $660.00 for maintenance and cure as of December 7, 1956, the last day of trial, *without prejudice to any later suit by libellant to recover such further maintenance to which he may be entitled subsequent to December 7, 1956.*" Longbottom v. American Dredging Co. (Conclusion of Law No. 2), No. 465 of 1954, In Admiralty, (E.D., Pa.) (Emphasis supplied).

See, Calmar S. S. Corporation v. Taylor, 1937, 303 U.S. 525, 531, 58 S.Ct. 651, 82 L.Ed. 993; Farrell v. United States, 1949, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850.

We also do not question the libellant's right to summary judgment, for in the case of Infante v. Moore-McCormack Lines, Inc., D.C.E.D.Pa.1950, 93 F.Supp. 239, Clary, J., in dismissing the libel therein, stated that the Admiralty Courts traditionally have had the same powers as do the Civil Courts. Moore, Federal Practice, par. 56.17(35);

1. Not reported.

Cf., Brady v. Waterman S. S. Corp., D.C. E.D. Pa.1950, 10 F.R.D. 629.

The purpose of the motion in this case is to establish the liability of the respondent. To the extent indicated later, the motion is granted. It is alleged that no valid defense has been set forth in the answer, as all such issues have been previously adjudicated.

 In its answer to the libel, respondent initially sets forth the defense that the libellant executed valid releases by which the respondent is released from further liability. That these releases are invalid was determined in the prior action.[2] (Finding of Fact No. 9, Conclusion of Law No. 5) Longbottom v. American Dredging Co., No. 465 of 1954, In Admiralty, (E.D., Pa.). And because of the identity of facts as well as parties, this prior adjudication is clearly res judicata as to this point. Restatement, Judgments, § 68(1) (Comment a, Ill. 2), (Comment c), § 70 (Comment b). The answers to the averments in the libel are as follows. Paragraphs 1, 2, and 3 are admitted. In answering numbers 4, 5, 6, 7, 8 and 12, respondent incorporates by reference the pleadings and record of the prior action. In doing so, it submits to the findings of the Court in that case, again presenting no further issue here. As to the allegation that the libellant's condition may be improved from conservative treatment and surgery (averment No. 9) and that libellant has undergone such treatment (averment No. 10), respondent states that it is without sufficient information to form a belief as to the truth thereof. Libellant urges us that as to the former, this too should be res judicata because Judge Van Dusen found that "further improvement in libellant's condition may be anticipated from conservative treatment and surgery." (Finding of Fact No. 7.) It is at this point where we part with the reasoning of the libellant. At most the statement made by Judge Van Dusen could only be a "judicial prognosis" based on medical testimony before him at the time of trial. It cannot be accepted as res judicata or even as a collateral estoppel because by its very nature it could only be conjectural as to the libellant's future condition. Therefore, it cannot be the basis for a summary judgment as to this point. Whether libellant "could have benefitted from medical care" from December 7 to the present time is a question that is still open to proof. So too is the question of whether or not such care was actually given. As the record before us is void of any affidavits or other proof to this effect, an issue of fact material to this dispute is present causing us to deny the motion as to this point also. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016; Brady v. Waterman S. S. Corp., D.C.E.D.Pa.1950, 10 F.R.D. 629; Moore, Federal Practice, par. 56.-15.

 As to the "demand" allegation (averment No. 11), respondent admits that the proctor for the libellant did make a demand and that it "was declined and/or refused." It appears to us that a demand made by counsel is tantamount to a demand made by the libellant himself. We can see no reason for a contrary holding. We therefore say that no issue has arisen on this point.

 Therefore, pursuant to Rule 56 (d), Fed.R.Civ.Proc., 28 U.S.C., partial summary "judgment" in favor of the libellant will be entered to the extent indicated above. See, Moore, Federal Practice, par. 56.20(3). Whether or not the libellant could have benefitted from further treatment and whether or not such treatment was given are questions of fact which remain open for the trial of the cause; the first to recover maintenance and the second to recover the cost of such treatment if any was given.

Counsel will submit an appropriate Order.

---

2. In the concomitant civil action before Van Dusen, J., the jury found that the libellant did not comprehend the nature of the releases.