**ISTHMIAN STEAMSHIP COMPANY,**
Libelant-Appellee,

v.

**UNITED STATES of America,**
Respondent-Appellant.

No. 4, Docket 24415.

United States Court of Appeals
Second Circuit.

Argued Nov. 6, 1957.

Decided May 6, 1958.

See also, 134 F.Supp. 854.

Kirlin, Campbell & Keating, New York City (Clement C. Rinehart and Walter P. Hickey, New York City, of counsel), for libelant-appellee.

George Cochran Doub, Asst. Atty. Gen., Paul W. Williams, U. S. Atty., S. D. New York, New York City, Paul A. Sweeney, Washington, D. C., Benjamin H. Berman, New York City, and Herman Marcuse, Washington, D. C., Attys., Dept. of Justice (Leavenworth Colby, Chief, Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., of counsel), for respondent-appellant.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

This appeal involves the same questions as were considered in Grace Line, Inc., v. United States, 255 F.2d 810 our opinion in which case is filed herewith. In 1946 Isthmian Steamship Company, appellee, used eight vessels chartered to it on a bareboat basis by the United States through the War Shipping Administration. As a result of Isthmian's use of these vessels for the period from May 1, 1946 to July 31, 1948, the United States claimed $115,203.76 as additional charter hire, which Isthmian refused to pay. When, after carrying certain cargo for the United States in 1953, Isthmian submitted a bill for $116,511.44, the United States withheld the amount allegedly due as additional charter hire. Isthmian thereupon filed the libel below to recover its freight for the 1953 shipments.

Isthmian's libel did not refer to its alleged indebtedness to the United States arising out of the 1946–1948 chartering of the vessels. The government's answer alleged that Isthmian was indebted to the United States because of the earlier transaction between the parties, but Isthmian's exception to this answer was sustained on the ground that the admiralty court had no jurisdiction over the set-off not related to the subject of the libel, and a decree *pro confesso* followed.

For the reasons stated in our opinion in Grace Line, Inc., v. United States, 255 F.2d 810, the decree of the court below is

Affirmed.

WATERMAN, Circuit Judge (concurring).

I concur in the result. See my separate concurring opinion in Grace Line, Inc., v. United States, 2 Cir., 255 F.2d 815.

Involved in this case is an added issue relative to the jurisdiction of the court below because of a possible time bar period. Lest it be thought that this issue was not considered by us, I would add that the pleadings disclose that the district court and this court have jurisdiction.