George **LIGHT**,

v.

Thomas J. **MURPHY**.

No. 16971.

United States Court of Appeals
Fifth Circuit.

June 10, 1958.

See also 257 F.2d 323.

Daniel Neal Heller, Miami, Fla., for appellant.

Arthur Roth, Thomas J. Murphy, in pro. per., for appellee.

Before TUTTLE, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

In this case, now back for the third time, Murphy v. Light, 5 Cir., 211 F.2d 824, 1954 A.M.C. 908, certiorari denied, 350 U.S. 960, 76 S.Ct. 348, 100 L. Ed. 834; Murphy v. Light, 5 Cir., 224 F.2d 944, 1955 A.M.C. 1986, it is the shipowner, not the seaman, who appeals from the judgment of the District Court. After the last remand, the Court proceeded by a hearing to determine the amount of maintenance and cure to which libellant was then entitled. The Court allowed maintenance at $6.00 per day for 22 days totaling $132.00 and $73.00 for medical expenses incurred. While the formal proof on the subsidiary points is perhaps thin, the record overwhelmingly substantiates the basic holding that in the assault, libellant received injuries requiring some care and attention after his return to Florida. By the time this matter was heard, virtually for the third time, the record had become a conglomeration of the proceedings in Admiralty 1076, Admiralty 1082, and Civil Action 6401, plus whatever had found its way into our records in No. 14906 and 15434, the two cases cited above. This cumulative data was sufficient to permit the Court to infer that the expense of keep and medical care was reasonably and necessarily incurred and that the maintenance period there presented was at least 22 days in duration.

Nor can there be any reversal or modification for failure to allow an offset against libellant of $110.79 from the initial Admiralty Suit No. 1076. In that case the Trial Court expressed the view that while Murphy owed the shipowner this sum in an accounting, judgment could not be awarded as a cross claim since the libellant in that suit at that time was not Murphy, but his wife acting as guardian since Murphy was then an incompetent. The decree in that case entered October 14, 1954, denied the cross claim. That decree was never appealed from and has long since become final. The Court in this case (Admiralty 1082) was right in declaring that such decree was now beyond his power of alteration or change.

Affirmed.