CANADIAN HELLENIC ENTERPRISES, LTD., Libellant,

v.

Joseph C. BERKWIT and Empress Shipping Corporation, Respondents.

United States District Court
S. D. New York.
July 28, 1958.

Nelson, Healy, Baillie & Burke, New York City, for libellant.

Hammerman & Dolgin, New York City, for respondent Empress Shipping Corp.

CASHIN, District Judge.

This is a motion for an order, pursuant to Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A., dropping an individual as a party-respondent and dissolving and releasing a foreign attachment of assets of said individual respondent. The libel alleges a breach of charter party by both the corporate respondent and the individual respondent who owns one-half of the shares of the corporate respondent, and is its President.

The libel alleges that the charter party was entered into by the individual respondent on his own behalf and also that the individual respondent is the *alter ego* of the corporate respondent. Both of these allegations are denied in the answer served by the corporate respondent. The individual respondent has appeared neither specially nor generally. Rather, this motion is made by the corporate respondent supported, however, by an affidavit of the individual respondent, among others.

The corporate respondent is a foreign corporation but the individual respondent is a resident of the Southern District of New York. The original libel, filed March 19, 1958, prayed that a writ of foreign attachment issue against the corporate respondent in the event it could not be found within the District, but prayed for no such relief as against the individual respondent. However, the amended libel, filed April 4, 1958, did pray for such relief against the individual respondent. Several attempts were made to serve the individual respondent, both on his own behalf and as President of the corporate respondent, but the attempts of the deputy marshals to effect such service were ineffectual. In fact, the affidavits submitted in opposition to the motion give rise, at least, to a suspicion that service was being evaded. In accordance with this suspicion, the libellant caused assets, in the form of bank accounts of both the corporate and individual respondents, to be attached.

It is true that under Rule 21 of the Federal Rules of Civil Procedure a misjoined party may be dropped on the motion of any party, or even at the court's own initiative. Thus, the fact that this motion is made by a party other than the one sought to be dropped does not deprive the motion of any efficacy. However, for another reason the motion must be denied. The remedy, if any, available under the facts set out in the affidavits, is misconstrued. If the allegations of the libel are true, there is clearly no misjoinder since, under those allegations, the individual respondent is liable to the libellant on his own behalf. What appears to be sought herein is summary judgment on behalf of the individual respondent. I will prescind from the question of whether summary judgment is available at all in Admiralty. Rather, I will ground my decision on the fact that the only party on whose behalf summary judgment could possibly be granted in the premises has not appeared and does not move.

Since the branch of the motion seeking the dropping of the individual respondent as a party has been denied, it would appear that the branch of the motion seeking the vacation of the attachment of that individual's assets must also be denied. If, as is claimed in the affidavits in support of the motion, the corporate respondent is a completely separate legal entity from the individual respondent it, of course, has no standing whatsoever to move concerning the assets in which it has no interest.

The motion is denied.

It is so ordered.