**SEA TRADE CORPORATION, as Owner of THE M/V TAGALAM, Libelant,**

v.

**BETHLEHEM STEEL COMPANY, SHIP-BUILDING DIVISION, Respondent.**

United States District Court
S. D. New York.
March 7, 1961.

Cravath, Swaine & Moore, by Harold R. Medina, Jr., New York City, for respondent.

Dow & Stonebridge, New York City, William P. Hepburn, New York City, of counsel, for libelant.

EDELSTEIN, District Judge.

Respondent has moved for summary judgment in an Admiralty action. The original libel, served July 2, 1958, seeks damages for claimed loss of earnings resulting from allegedly improper repairs made by respondent to the M. V. Tagalam, a vessel owned by libelant, in December 1952, and early 1953. An amended libel, served January 20, 1960, increased the damages prayed for to $199,801. The libel alleges breach of warranty and negligence.

Respondent's motion for summary judgment is predicated on the grounds that the action is barred by laches and is precluded by the terms of the contract between the parties pursuant to which the repairs were undertaken. In the alternative, respondent moves to dismiss the libel herein for failure of libelant to give adequate answers to certain of respondent's interrogatories, or for an order compelling libelant to give such adequate answers.

*Ab initio*, libelant raises the argument that summary judgment is not a remedy or proceeding available in an Admiralty action. Prior to reaching the merits of whether summary judgment may or may not be granted on the facts of this case, the availability in Admiralty of the remedy itself must be considered. The issue, though raised occasionally, does not appear from the reported decision to have commanded much interest or extensive discussion in this district. It assumes new importance, however, in light of the Supreme Court's recent pronouncement in Miner v. Atlass, 1960, 363 U.S. 641, 80 S.Ct. 1300, 4 L.Ed.2d 1462, on the efficacy of the local rule making power.

Admiralty procedure is governed by statutes and three sets of rules,[1] excluding the Federal Rules of Civil Procedure which are specifically non-applicable in Admiralty.[2] No statute, no Supreme Court Admiralty Rule, nor any local rule of the Southern District providing for summary judgment has been cited to the court, and none has been found. Turning then to the settled rules of practice as developed by the courts, I find no support, especially in this circuit, for the proposition that summary judgment is available in Admiralty.

The leading expression by the Second Circuit Court of Appeals appears in The Sydfold,[3] where the Court stated: "Such a practice [of trying the issue of limitations by affidavits] cannot be sanctioned in admiralty where there is no rule resembling that in force in New York (New York Rules of Civil Practice, rule 113), and in some other jurisdictions which authorizes summary judgment."[4] No subsequent case in this circuit has explicitly accepted, over objection, the use in Admiralty of summary judgment. Where the practice has appeared in the cases, either its propriety has not been fully explored,[5] or it has been equated with exceptions and exceptive allegations.[6] Except for two cases in the Eastern District of Pennsylvania, no definite expression sanctioning the use of summary judgment has been found in the

1. See e. g., 28 U.S.C. §§ 1921, 2464. The Supreme Court General Admiralty Rules are promulgated pursuant to 28 U.S.C. § 2073. The Admiralty Rules of the Southern District of New York were promulgated pursuant to the authority granted in Supreme Court General Admiralty Rule 44, 28 U.S.C. The present local rules were adopted by order of the court on February 6, 1952.

2. Rule 81(a) (1), F.R.Civ.P., 28 U.S.C. Some of the Civil Rules, however, have been adopted in Admiralty, e. g., Admiralty Rules 31, 32, 32A, 32B and 32C.

3. 2 Cir., 1936, 86 F.2d 611, 613.

4. 86 F.2d at page 613. The case makes no reference to a federal practice of summary judgment, since it was decided prior to the adoption of the Federal Rules of Civil Procedure. Thus, the availability of summary judgment was not squarely presented, the case having arisen on exceptions to the libel. See also Hughes v. Roosevelt, 2 Cir., 1939, 107 F.2d 901, 903.

5. Rodriguez v. Solar Shipping Ltd., D.C. S.D.N.Y.1958, 169 F.Supp. 79, 81; Canadian Hellenic Enterprises, Ltd. v. Berkwit, D.C.S.D.N.Y.1958, 169 F.Supp. 660, 661; Rederi A/B Gylfe v. Sinason & Zeitlin, Inc., D.C.S.D.N.Y.1955, 138 F.Supp. 719; International Banking Corp. v. Western Assurance Co., D.C. S.D.N.Y., 1929 A.M.C. 682. In Dietrich v. United States, 2 Cir., 1935, 80 F.2d 207, 209, the Court of Appeals affirmed what in effect was a summary judgment, though not denominated as such. The Court stated that the "libelant raises no objection to the practice so adopted and we shall not * * *." The case, however, was decided before The Sydfold, notes 3 and 4 supra, and prior to the adoption of the Federal Rules of Civil Procedure.

In a recent case, Kalyvakis v. Olympia, D.C.S.D.N.Y.1960, 181 F.Supp. 32, 33, the court granted summary judgment and stated in a footnote that the remedy is available in Admiralty. There, the parties had agreed to the use of summary judgment. However, the acceptance of the procedure "pursuant to Rule 56 of the Federal Rules of Civil Procedure" seems not to comport with Rule 81, F.R.C.P.

6. Malanos v. Chandris, D.C.N.D.N.Y.1959, 181 F.Supp. 189; Reconstruction Finance Corp. v. Pueblo, D.C.S.D.N.Y.1951, 97 F.Supp. 2; Cf., Murray v. Meteor, D.C. E.D.N.Y.1950, 93 F.Supp. 274 (Motion to dismiss treated as exception and affidavits treated as exceptive allegations). In Walle v. Dallett, D.C.S.D.N.Y.1955, 135 F.Supp. 390, the court treated an omnibus motion excepting to the libel as one in the nature of a motion for summary judgment and denied the motion on the merits.

In West Africa Navigation, Ltd., v. Ore & Ferro Corp., D.C.S.D.N.Y., Sept. 27, 1960, 192 F.Supp. 651, the court expressed reservations on the availability of summary judgment in Admiralty in light of Miner v. Atlass, supra. Despite doubts as to the use of Rule 56, F.R. C.P., the court equated summary judgment with exceptions to the pleadings and denied the motion on the merits.

The practice of equating motions for summary judgment with exceptions is, however, subject to strict limitations. See note 17 infra.

other circuits.[7] Thus, where the parties did not raise the fact that there existed no admiralty rule providing for summary judgment, and in fact stipulated its use, the Fifth Circuit permitted the practice.[8] And where possible, courts have dealt with a motion for summary judgment as an exception to the pleadings.[9]

In Infante v. Moore-McCormack Lines, Inc., D.C.E.D.Pa.1950, 93 F.Supp. 239, the District Court held that it had the power to issue a summary judgment dismissing the libel. As authority for the inherent power of Admiralty courts to adopt new procedures, the court cited Dowling v. Isthmian S. S. Co., 3 Cir., 184 F.2d 758. The Dowling case, however, concerns itself only with a discussion of discovery matters, and the Supreme Court has recently limited its authority even within that sphere.[10] The Court found that the historical data in Dowling did no more than disclose "no overt rejection of the power to order" discovery depositions, but "no affirmative indication of the exercise of such a power" was uncovered. Following the Supreme Court's reasoning further, it is evident that the reliance of the Infante court upon Dowling is unwarranted. For not only is Dowling lacking in any "affirmative indication" of the exercise of any power to grant summary judgment, it is completely devoid of any indication whatever regarding summary judgment. Thus, Dowling fails to support both the extension of the inherent power concept to summary judgment as well as the exercise of any inherent power within its own sphere of discovery depositions. Moreover, not only do none of the leading commentaries support the existence of any traditional practice or inherent power to grant summary judgment, but Benedict on Admiralty asserts that "Admiralty does not employ * * * the summary judgment * * * as those proceedings are set forth in the Civil Rules."[11] This statement by a leading work in the field hardly bespeaks the existence of traditional inherent power, and we find none."[12]

Having ascertained no specific grant of authority in the Admiralty Rules nor a traditional practice utilizing summary judgment, the issue narrows to whether a district court may adopt the procedure pursuant to the power conferred by Rule 44 of the Supreme Court Admiralty Rules.[13] In light of the recent Supreme Court decision concerning Rule 44, this court requested, and counsel for the parties have submitted, additional memoranda relating the instant question to Miner v. Atlass. Each claims support therein for his position.

7. Infante v. Moore-McCormack Lines, Inc., D.C.E.D.Pa.1950, 93 F.Supp. 239; Longbottom v. American Dredging Co., D.C.E.D.Pa.1958, 159 F.Supp. 296.

Two districts, however, have catch-all rules which make the Federal Rules of Civil Procedure applicable in Admiralty to matters not covered by the General Admiralty Rules of the Supreme Court. See Eastern District of Virginia, Admiralty Rule 24, quoted in 5 Benedict, Admiralty, 517 (7th ed. 1959); District of Maryland, Rule 46, quoted in 5 Id. 27–28 (Supp. 1960).

8. Murphy v. Light, 5 Cir., 1954, 211 F. 2d 824. See also Wnuczwnski v. Argonaut Navigation Co., D.C.D.Md.1955, 130 F. Supp. 439, 441 ("It is 'quite out of accord with established principles' to dispose of admiralty cases on affidavits unless the parties agree that they should be used.").

9. Dunn v. United States, D.C.S.D.Cal., 1950 A.M.C. 1420; Spreckles Sugar Co. v. South Atlantic S.S. Lines, D.C.S.D. Ga.1943, 49 F.Supp. 714. For limitations on the practice see note 17 infra.

10. Miner v. Atlass, 1960, 363 U.S. 641, 643–644, 80 S.Ct. 1300, 1302.

11. 2 Benedict, Admiralty (Knauth ed.) 47–48. See comment, 61 Yale L.J. 204, 214 (1952).

12. Miner v. Atlass, 1960, 363 U.S. 641, 644, 80 S.Ct. 1300, 1303.

13. "Rule 44. Right of trial courts to make rules of practice. In suits in admiralty in all cases not provided for by these rules or by statute, the District Courts are to regulate their practice in such a manner as they deem most expedient for the due administration of justice, provided the same are not inconsistent with these rules."

In Miner v. Atlass, the court concluded the opinion with the following summary of its holding: "All we decide in the existing posture of affairs is that the matter of discovery depositions is not presently provided for in the General Admiralty Rules or encompassed within the local rule-making power under General Rule 44." [14] Although the holding is narrow, and not directly in point, the case does offer a guide in its approach to Admiralty practice.

Pointing to the Court's refusal to foreclose the District Courts from any local rule making, respondent contends that Miner provides strong support for the granting of summary judgments in Admiralty suits. But all the Court said in Miner was that it would not hold that "whenever the General Admiralty Rules deal with part, but not all, of a subject, those practices left unprovided for by the General Rules may not in any circumstances be dealt with by the District Courts under General Rule 44." [15] As an example of appropriate local regulation to fill the interstices of the General Admiralty Rules, the Court cited the practice adopted by local Rule 14 of the Southern District and Galveston Dry Dock & Constr. Co. v. Standard Dredging Co.[16] Thus, to say that where a suitor contests liability for but a portion of a claim, the court may order a severance and enter a decree for the uncontested portion is not to equate that practice with an approval of a broad application of summary judgment practice. Furthermore, the difference between the severance practice of Galveston and a summary adjudication on affidavits is readily apparent. The decree rendered in the severance situation concerns only that portion of a claim about which there is no dispute in law or in fact. Moreover, the fact that the Admiralty Rules provide a very limited form of summary procedure without trial by way of exceptions is not sufficient support for finding a power in the district court to deal with broader forms of summary dismissals.[17] Respondent contends further that the Supreme Court indicated a liberal construction of Rule 44 and a narrow application of the inconsistency provision therein. Due to the unique facets appertaining to discovery depositions in Admiralty, the particular practice sanctioned by the local rule there considered was held to be inconsistent with the General

14. 363 U.S. at pages 651–652, 80 S.Ct. at page 1307.

15. 363 U.S. at page 648, 80 S.Ct. at page 1305.

16. 2 Cir., 1930, 40 F.2d 442. Local Rule 14 is a revision of Rule 29, discussed in Galveston.

17. Rules 27 and 29 of the Supreme Court Admiralty Rules provide for exceptions to the pleadings. See American President Lines v. United States, D.C.D.Del. 1958, 162 F.Supp. 732, affirmed 3 Cir., 1959, 265 F.2d 552; Isthmian S.S. Co. v. United States, D.C.S.D.N.Y.1955, 134 F.Supp. 854, affirmed 2 Cir., 1958, 255 F.2d 816, affirmed in part and reversed in part, 1959, 359 U.S. 314, 79 S.Ct. 857, 3 L.Ed.2d 845.

Exceptions are in the nature of the common law demurrer and are subject to the limitations inherent in that form of attack upon pleadings. See Richfield Oil Corp. v. United States, 9 Cir., 1959, 248 F.2d 217, 225; Nea Hellis, 2 Cir., 1941, 116 F.2d 803; Rederiaktiebolaget v. Compania de Navegacion Anne, S. A., D.C.D.Canal Zone 1955, 139 F.Supp. 327, 331; North American Smelting Co. v. Moller S.S. Co., D.C.E.D.Pa.1950, 95 F.Supp. 71; Benevento v. United States, D.C.S.D.N.Y.1946, 68 F.Supp. 347, affirmed 2 Cir., 1947, 160 F.2d 487; Suspine v. Compania Transatlantica Centroamericana, S. A., D.C.S.D.N.Y.1940, 37 F.Supp. 263; see generally, 2 Benedict, Admiralty, (Knauth ed.) 461–64. A further limitation on the utility of exceptions is found in Rule 11 of the Admiralty Rules of the Southern District of New York which provide time limits for raising exceptions. See also Banks v. Chas. Kurz Co., D.C.E.D.Pa.1946, 69 F.Supp. 61. Summary judgment, on the other hand, as provided for in the civil rules, may be raised at any time is not based solely on the pleadings, and may be determined on matters brought out by depositions, interrogatories or admissions. Rule 56, F.R.Civ.P.; 6 Moore, Federal Practice ¶¶ 56.02 [6]; 56.11 (2d ed.).

Admiralty Rules.[18] Miner, it is therefore argued, does not detract from the earlier precedents establishing the availability of summary judgment.

The precedents respondent refers to have already been discussed and found not to be controlling.[19] Notwithstanding the liberality to be accorded Rule 44, it can scarcely be doubted that if discovery depositions are "more weighty and more complex a matter" than the examples of permissible local rule making discussed by the Court,[20] certainly summary judgment is even "more weighty and more complex a matter" than discovery depositions. This is especially so in Admiralty where reluctance to adjudicate upon affidavits is often expressed.[21] And the Supreme Court's reliance on the need for nationwide uniformity in Admiralty as relating to the important area of discovery procedures is equally applicable to the important area of summary judgment.[22]

The incorporation into Admiralty of the summary judgment practice is precisely the kind of major innovation which requires resort to the statutory provisions governing the rule making powers of the Supreme Court.[23] The reluctance of the Supreme Court to permit "a change so basic as [discovery depositions] to be effectuated through the local rule-making power"[24] serves to guide this court in declining to import summary judgment into Admiralty. This court's reluctance is reinforced by the fact that in Miner, there existed an enacted local rule which had been considered and concurred in by at least a majority of the judges of the districts where the rule was in force.[25] No such local summary judgment rule prevails in this district, and for a single judge, absent even the color of authority, to adopt such a basic alteration would be unfounded. A request to incorporate some of the Federal Rules of Civil Procedure into Admiralty, Rule 56 on summary judg-

18. Respondent argues that an analogy between Miner and this suit might exist if the Court had included the motions of Rule 12, F.R.Civ.P., in the Admiralty Rules, but had omitted the summary judgment provisions of Rule 56. Admiralty Rule 35, however, is strikingly similar to Rule 12(f), F.R.Civ.P. And though the civil rules have abolished exceptions, the same practice of challenging pleadings continues under portions of Rule 12(b) and (c). 2 Benedict, Admiralty, (Knauth ed.) 55–56.

19. See text at notes 10–12 supra.

20. 363 U.S. at page 649, 80 S.Ct. at page 1305.

21. See, e. g., Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 5 Cir., 1958, 261 F.2d 861, 863; Fireman's Fund Ins. Co. v. U. S. Army L. S. T. 34, D.C.S.D.N.Y.1955, 132 F.Supp. 414, 415; Wnuczwnski v. Argonaut Navigation Co., D.C.D.Md.1955, 130 F.Supp. 439, 441.

22. See 363 U.S. at pages 649–651, 80 S. Ct. at page 1305.

23. See 28 U.S.C. § 2073, § 331. "[B]asic procedural innovations shall be introduced only after mature consideration of informal opinion from all relevant quar-

ters with all the opportunities for comprehensive and integrated treatment which such consideration affords." 363 U.S. at page 650, 80 S.Ct. at page 1306.

24. 363 U.S. at page 650, 80 S.Ct. at page 1306. "Implicit in Miner, however, is the warning that federal courts must proceed with extreme caution when asked to sanction basic procedural innovations which lie in that misty land where judicial and legislative powers meet." First National City Bank v. Aristeguieta, 2 Cir., 1960, 287 F.2d 219. "The scope of judicial authority should not be lightly extended in the absence of a clear statutory basis. * * * Miner v. Atlass, 363 U.S. 641 [80 S.Ct. 1300, 4 L.Ed.2d 1462] (1960), is * * * a warning that federal courts should proceed with caution when considering the merit of implying basic procedural innovations." Goldlawr, Inc. v. Heiman, 2 Cir., 1961, 288 F.2d 579.

25. The rule at issue was Rule 32 of the Northern District of Illinois. Similar rules were in existence in the Southern District of New York (Rule 32), the Northern District of New York (Rule 32), and the Northern District of California (Rule 13), West's Ann.Code, among others.

ment among them, was addressed to the Supreme Court in 1953.[26] The failure to accept the proposal cannot be regarded as an inadvertent oversight.

This decision should not be taken as signifying disapproval of the desirability of utilizing a summary judgment procedure in Admiralty. Crowded dockets are not the exclusive province of the civil side of the federal courts. To subject a case to a long delay and a needless trial when there are no genuine issues as to any material fact is as wasteful in Admiralty as in civil cases. It is hoped that the Judicial Conference and the Advisory Committee on the General Admiralty Rules will give this matter their early attention along with their consideration of the discovery deposition question as suggested in Miner v. Atlass.[27]

Decision in this case was filed on October 19, 1960. That memorandum endorsement is herewith repeated.

"Respondent's motion for summary judgment is denied on the ground that summary judgment is not a remedy or procedure available in Admiralty. Opinion to follow.

"Respondent's motion to dismiss pursuant to Admiralty Rule 32c is denied. Respondent's motion to compel libelant to serve further and adequate answers to respondent's interrogatories Nos. 8, 9, 11, 12 and 23 is granted. The supplemental answers heretofore served are inadequate and do not conform to Judge Dawson's memorandum and order of January 23, 1960.

"Libelant shall have 30 days to serve further and adequate answers to respondent's interrogatories. Let all fur-

ther proceedings herein be stayed until 10 days after receipt by respondent of the further answers to the interrogatories. So ordered." *

---

26. See Documents Nos. 369, 375A of the Maritime Law Association.

27. In the interval between decision of this motion and the formal filing of this opinion, the Advisory Committee on Admiralty Rules proposed a Rule authorizing summary judgments in Admiralty. Rule 58 of the proposed Admiralty Rules is identical with Rule 56, F.R.Civ.P. See Committee on Rules of Practice and Procedure of the Judicial Conference of the

United States, Preliminary Draft of Proposed Amendments to Rules of Practice in Admiralty and Maritime Cases, 25–29 (1960).

* While this opinion was being typed, a decision by Judge DIMOCK of this court reaching the same result has come to the court's attention. See Socony Mobil Oil Co. v. Pacific Tide, D.C., 189 F.Supp. 724.