### WEST INDIA S. S. CO. v. FIELD LINE, Limited.

(District Court, S. D. New York.   March 12, 1910.)

SHIPPING (§ 49*)—CONSTRUCTION OF CHARTER—DESPATCH MONEY.

Under a charter party giving the charterer a stated number of running days for loading and discharging "Sundays and holidays excepted," and providing for the payment of despatch money "for every running day saved," the charterer is entitled to despatch money for each day between the time discharging was actually completed and the time when it was required to be completed to avoid the payment of demurrage, including intervening Sundays and holidays, which were equally available to the vessel as sailing days.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 187–200, 202; Dec. Dig. § 49.*]

---

In Admiralty. Suit by the West India Steamship Company against the Field Line, Limited. On exception to second article of answer. Exception sustained.

R. J. Bullowa, for exceptant.
J. M. Woolsey, for respondent

HOUGH, District Judge. The charter party provided:

"Twenty-two running days, Sundays and· holidays excepted, are to be allowed charterers for the loading and discharging."

In a separate and marginal clause it was agreed:

"Steamer to pay charterers despatch money at the rate of three cents United States currency per net registered ton for every running day saved."

Twenty-two running days, Sundays and holidays excepted, were not used in loading and discharging. Confessedly, therefore, the charterer became entitled to some despatch money. The answer computes the amount due by excluding from the unused running days Sundays and holidays. For this construction much might be said, and has been said in several reported decisions. It is strongly urged that the only days for which the charterer can get despatch money are the same kind of days as he might use in loading the ship. The point, however, is not open to discussion in this court since the case of Red R. S. S. Co. v. North American Transport Co., 91 Fed. 168, 33 C. C. A. 432. Shipman, J., for the Appellate Court, was of opinion (in construing a charter party substantially identical with this on the point in question) "that time saved in loading means the amount of time saved to the vessel from the time allowed for loading by the charter."

It follows that since this vessel was free to pursue her voyage on certain Sundays, during which by charter party she might have been detained in port (although not occupied in loading), said Sundays are running days for which despatch money is computed.

The exception is sustained.