### The WEST NOSSKA.

## UNITED STATES v. DEXTER & CARPENTER, Inc.

## DEXTER & CARPENTER, Inc., v. UNITED STATES.

District Court, S. D. New York.
Aug. 28, 1928.

Charles H. Tuttle, of New York City (by Harold F. Birnbaum, of New York City), for the United States.

Haight, Smith, Griffin & Deming, of New York City (by Clarence B. Smith, of New York City), for Dexter & Carpenter, Inc.

BONDY, District Judge.

This is a suit to determine the amount of dispatch money earned under a charter party. The charterer deducted from freight money the sum of $4,382.86 for dispatch. The shipowner claims that the proper deduction should have been $1,241.74, and sues to recover the balance of $3,141.12.

Article 4 of the charter party provides: "Lay days for loading, if required by the party of the second part, not to commence before June 21, 1920, otherwise lay days to commence from the time steamer is reported ready to load (or within 48 hours after readiness to load if delayed awaiting turn at berth and master has given notice in writing of such readiness to the party of the second part or his agent"; and "cargo to be loaded into steamer with customary dispatch, in accordance with the rules of the port of loading, but in no case at less than 1500 tons per running day, Sundays and legal holidays excepted."

Article 21A, a special clause inserted in typewriting on the printed form of bill of lading, provides: "Charterers are allowed twenty-four hours after steamer's readiness for the purpose of fulfilling any governmental regulations or requirements, and in the event of inability so to do, or to the non-availability of the cargo, owners to have the privilege of cancelling this charter at the expiration of said twenty-four hours, or of waiting on their own time for this cargo, without liability in charterers under this contract."

The libelant contends that the United States was entitled to report the West Nosska ready to load at 11:01 a. m. June 19th and commence lay time June 21 at 11:01 a. m.,

forty-eight hours thereafter, under clause 4 of the charter party. Dexter & Carpenter, Inc., contends that the time from June 21 to June 24, during which berthing and loading were delayed, and the Saturday afternoon and Sunday that intervened during the lay days, extended the lay days for the purpose of computing dispatch money.

On the 19th of June, 1920, when the charter of the S. S. West Nosska was signed, she was lying in Baltimore ready for cargo, and the charterer had a cargo of coal for her in the railroad yards at the port of loading. Labor trouble with the yard switchman, however, made it uncertain when the coal would be available.

For these reasons a special clause was inserted in the charter providing that, in case of nonavailability of the cargo within twenty-four hours after steamer's readiness, the owners could either cancel the contract or wait on their own time.

When June 21 came, the cargo was still not available, and the charterer informed libelant's agent that the coal was not available on account of the strike, and that he could cancel the charter or wait on his own time, to which he replied: "All right, we will wait on our own time."

The West Nosska did not reach her berth till June 23 at 7 p. m. The loading was delayed until June 24, at 1:30 p. m., by causes, which it has been stipulated, were beyond the charterer's control and not excepted in any clauses of the charter party.

I believe that under the circumstances neither the charterer's obligation to load nor lay days began June 21 at 11:01 a. m., but only when the cargo was available on June 24 at 1:30 p. m., in accordance with the provision that the ship shall remain on the owner's time until the cargo is available.

The provision that, if the cargo is not available, the owner may cancel or keep the vessel at the owner's time until it is available, must be construed to mean that no obligation on the part of the charterer to load will begin until the cargo is available.

If the dispatch were counted from an earlier period, the vessel would be on the charterer's time.

On deducting dispatch, when paying the freight, the charterer's clerk who made up the dispatch statement carelessly disregarded a day and a half for Saturday and Sunday in his calculation of lay days, though he knew that they should have been excepted. See Red "R" S. S. Co. v. North American Transport Co. (C. C. A.) 91 F. 168; West India S. S. Co. v. Field Line (D. C.) 196 F. 591.

The mistake due to carelessness in computation was not a mistake of law.

The cross-libel, in my opinion, sets forth a cause of action for the recovery of the balance of dispatch money remaining unpaid. See The Oceano (D. C.) 148 F. 131, explained in Israel v. Moore & McCormack Co. (D. C.) 295 F. 919.

The charterer, accordingly, is entitled to $1,792.40 in addition to the $4,382.86 already received for dispatch, together with interest and costs.