## BENEVENTO v. UNITED STATES et al.

District Court, S. D. New York.

April 26, 1946.

John F. X. McGohey, U. S. Atty., of New York City (Haight, Griffin, Deming & Gardner, of New York City, of counsel), for the United States.

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill and James M. Estabrook, both of New York City, of counsel), for American Export Lines, Inc.

John J. O'Connor, of New York City (John P. Wourms, of New York City, of counsel), for Union Stevedoring Corporation.

LEIBELL, District Judge.

The exceptions of the impleaded respondent, Union Stevedoring . Corporation, to the petition of the petitioner, United States of America, and American Export Lines, Inc., have been brought on for a hearing by the usual notice. The "exception" in admiralty performs the function of the "demurrer," formerly employed at common law or in equity. An exception to a pleading in admiralty should not be sustained if any cause of action is well pleaded in the pleading to which the exception is filed. The S. S. Nea Hellis, 2 Cir., 116 F.2d 803. All well pleaded allegations must be taken as true in ruling on the exceptions. Suspine v. Compania Transatlantica Centroamericana, D.C., 37 F.Supp. 263. I have read the libel herein and the petition of the respondents impleading the Union Stevedoring Corporation. In my opinion the allegations of the petition set forth facts which justified the issuance of the order bringing in the respondent impleaded as a party defendant in this action so that the rights and liabilities of the parties may be determined in one proceeding. The petition alleged facts that constituted a claim of the respondents

for indemnity from the respondent-impleaded, based on the provisions of the contract between the Union Stevedoring Corporation and the United States under which the Stevedoring Corporation was unloading the vessel at the time one of its employees, the libelant, was injured. See, Barbarino v. Stanhope S. S. Co., 2 Cir., 151 F.2d 553 and Porello v. United States, 2 Cir., 153 F.2d 605.

The exceptions to the petition are accordingly dismissed.