## LO BUE v. UNITED STATES et al.
### No. 17922.

District Court, E. D. New York.

June 10, 1948.

Arkin, Lebovici & Kottler, of New York City (Edward Arkin and Joseph Kottler, both of New York City, of counsel), for libellant.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y., and Barry, Wainwright, Thacher & Symmers, of New York City, (Joseph M. Brush, of New York City, of counsel), for respondent.

GALSTON, District Judge.

The respondent has filed exceptions to the report of the special commissioner who was appointed by the court to ascertain and compute the amount due the libellant for the injuries which he sustained on the vessel Bernard L. Rodman. See Lo Bue v. United States, D.C., 75 F. Supp. 154. The exception is confined to the amount recommended by the special commissioner.

The libellant was seriously injured, and considerable evidence was adduced at the hearings before the special commissioner during the course of which 289 pages of testimony were taken, and exhibits including hospital records and X-rays were received.

■ At the time of the accident the libellant was thirty-one years of age. The findings of the special commissioner in respect to the nature and extent of the injuries that he sustained, including the pain, suffering and shock, must be confirmed, for there is ample evidence to sustain them. See Admiralty Rule 43½, 28 U.S.C.A. following section 723, which provides that a commissioner's report in respect to the facts is "presumptively correct". To believe that a man who falls through a trimming hatch in a vessel from the 'tween deck to the bottom of the hold, about forty feet below, will receive injuries such as those found by the special commissioner, requires no stretch of the imagination. His findings are accepted.

■ Now as to the amount of the award:

The libellant's hospital and medical expenses aggregated $594.85. His wages averaged $65 a week prior to his injury, and he lost nine full weeks, and suffered a part loss of earnings for the balance of the year. The loss for the nine weeks would be $585, and on the basis of what he earned for the rest of the year 1946, during which he worked part of the time, it would appear that he lost $1,516.60. Thus his out of pocket expenses and loss of earnings amounted to $2,696.45. The recommended allowance to the libellant by

the commissioner is $9,094.85. The difference between that amount and the out of pocket expense is $6,398.40. That sum is far from being excessive in the light of the nature of the injuries and the pain and suffering which the libellant sustained.

The respondent's exception will be overruled, and the report of the special commissioner confirmed. The decree will also provide for the payment by the respondent of the costs of the reference which will include $216.75 to Edward Grant, the stenographer, and $300 to the commissioner.

The findings of the special commissioner will be accepted as the findings of the court.