## LO BUE v. UNITED STATES et al.

No. 59, Docket 21425.

United States Court of Appeals
Second Circuit.

Argued Nov. 10, 1949.

Decided Dec. 12, 1949.

H. G. Morison, Assistant Attorney General, J. Vincent Keogh, United States Attorney, Brooklyn, N. Y., Leavenworth Colby, Special Assistant to the Attorney General, attorneys for the United States; Barry, Wainwright, Thacher & Symmers, New York City, of counsel; Joseph M. Brush and Edward C. Kalaidjian, New York City, advocates.

John P. Smith, New York City, proctor for respondent-impleaded-appellee; Bigham, Englar, Jones & Houston, New York City, Arkin, Lebovici & Kottler, New York City, of counsel; John M. Aherne and John L. Quinlan, New York City, advocates.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

Appellant Lo Bue was an employee of appellee Jarka Corporation who was injured by falling through an uncovered trimming hatch on the number three 'tween deck of appellant's S. S. Bernard L. Rodman. When the accident occurred the vessel was in a berth within the Eastern District of New York, and slag ballast was being removed from her by Jarka Corporation under an agreement between it and the United States which is known as a warshipsteve contract. This contract set forth in considerable detail the duties and liabilities of the respective parties but as a majority of the court is of the opinion that the appeal must be dismissed it would be useless to state them now.

Jarka Corporation had complied with the requisite provisions of the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C.A. § 901 et seq. Its only liability to its employee because of the accident was, therefore, as provided by that statute. 33 U.S.C.A. § 905; Rich v. United States, 2 Cir., 177 F.2d 688; Benevento v. United States, 2 Cir., 160 F.2d 487, 489. Lo Bue elected to sue a third party and brought this suit against the United States pursuant to the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and the Public Vessels Act, 46 U.S.C.A. § 781 et seq., to recover for injuries, alleging among other things that the vessel owner was liable because of the breach of its duty to furnish him with a safe place in which to work and to warn him of dangers "to be encountered aboard the said vessel." The government answered by denying liability and filed a petition under the 56th Rule in Admiralty, 28 U.S.C.A., to implead his employer, Jarka Corporation. This petition sought no indemnity or contribution from Jarka but prayed that "if the court should find that the libellant is entitled to a decree then that it be entered against the Jarka Corporation, the respondent-impleaded, and that the petitioner have such other and further relief as to the court may seem just." Jarka answered by denying liability and the cause was tried, Jarka, however, introducing no evidence. Such failure to defend on

the merits is understandable for, as already pointed out above, the libellant could have no decree directly against Jarka owing to its immunity from suit under Section 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905. Though it may be that the appellant's petition for "other and further relief" could be held to have embodied a claim for whatever relief the facts alleged were sufficient to support, cf. Esso Standard Oil Co. v. United States, 2 Cir., 174 F.2d 182, we do not think that Jarka can equitably be held accountable for knowledge that such was the case, in view of the fact that that decision was handed down over a year after the trial.

In an opinion dated December 11, 1947, 75 F.Supp. 154, 156, the trial judge held that the libellant's exclusive remedy against his employer was under the Longshoremen's and Harbor Workers' Compensation Act and said:

"There, is however, left open for further decision the right, if any, of the respondent against the respondent-impleaded for indemnity. After the trial had been concluded, and while this opinion was being drafted, the respondent moved to amend its impleading petition in order to develop fully its right of indemnity under the contract between the respondent and the respondent-impleaded. I am about to grant that motion in view of American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847 [91 L.Ed. 1011], so as to enable parties to the contract to clear up any ambiguity in the indemnifying clause. On the filing of such depositions as may be taken, a supplemental decree will be entered herein determining the relative rights of the parties to that contract.

"Meanwhile appropriate findings of fact and conclusions of law, except as to the meaning and scope of the indemnity clause, will be filed."

After trial, the court made findings on December 15, 1947, granted an interlocutory decree in favor of the libellant against the United States on January 8, 1948 and on the same day entered an order on the application of the government amending the impleading petition into one seeking indemnity

from Jarka both as a matter of law and under the terms of the warshipsteve contract. The parties were allowed thirty days "to file such depositions as they may deem necessary to determine the meaning of the indemnity clause of the warshipsteve contract." The interlocutory order contained a reference to a Special Commissioner to ascertain, compute and report the damages and further ordered that "pending the filing of such further proof as the respondent and the respondent-impleaded may submit with respect to the construction of the indemnity clause of the warshipsteve contract, determination of the issue of the liability of the respondent-impleaded, Jarka Corporation, to the respondent, the United States, shall be deferred."

Thereafter the Special Commissioner conducted hearings and on May 4, 1948, reported with a computation of the damages. Exceptions to the report were overruled and it was confirmed on June 10, 1948, 78 F.Supp. 86. Meanwhile, the record indicates, Jarka Corporation had received extensions of time to the end of June in which to present evidence.

Counsel for the libellant submitted a proposed final decree covering only the liability of the United States and on June 23, 1948 counsel for the government submitted a counter proposed final decree which differed in that it provided "that the issue of the liability of the respondent-impleaded, Jarka Corporation, to the respondent, United States of America for the amount adjudged against the latter by this decree, on the grounds alleged in respondent's amended impleading petition shall be deferred, and that the respective parties shall submit their proofs on that issue with all convenient speed." On June 25, 1948, the judge signed the decree submitted by the libellant and this appeal followed.

Thus it has come about that one of the issues pending in this suit in the district court has never been fully heard and has not yet been decided. As Jarka Corporation now insists, the decree from which this appeal is taken is not final in the sense that it disposed of all the pending issues and the appeal from it taken under 28 U.

S.C.A. § 1291, thus gives this court no jurisdiction. Very much in point is Audi Vision, Inc., v. R. C. A. Mfg. Co., 2 Cir., 136 F.2d 621, 147 A.L.R. 574, in which we held that, where the judgment appearing of record did not mention a counterclaim, that portion of the action remained standing, at least where the trial court's opinion, like the opinion and interlocutory decree here, indicated that decision as to it was reserved. The appeal will have to be dismissed for this reason. The practical effect, however, will be to give the interested parties an opportunity to proceed promptly to obtain a final judgment in the district court on the issues raised under the amended impleading petition as it now stands or to be raised should it hereafter be amended.

Appeal dismissed.

CLARK, Circuit Judge, dissents with memorandum.

CLARK, Circuit Judge (dissenting).

My disagreement with my colleagues is on so narrow a point that I should hardly venture to express it, did it not concern a matter of procedure about which dispute appears to develop naturally and as to which I fear the opinion herewith will create new doubts. I would reverse here instead of dismissing the appeal. The salutary federal rule allowing appeals only from final judgments (save for the few statutory exceptions) has tended to stimulate controversy as to details. I would not minimize the difficulties; but I do think they are increased by a trend of appellate decision to go behind the records to carry out policies—for or against such appeals as the case may be—which do not appear on the surface. The solution has seemed to be that the rule

should be made as objective, indeed as formal, as possible, so that it may be understood and applied by lawyers and litigants more or less automatically and without search for hidden variations or distinctions. Consequently the new amendment to Federal Rules of Civil Procedure, rule 54(b), 28 U.S.C.A. (which suggests a general appellate purpose, even if it is not directly applicable in admiralty) has already shown its workability by its clarity and simplicity. It allows the district judge to make his intent—which is generally controlling, Forstner Chain Corp. v. Marvel Jewelry Mfg. Co., 1 Cir., 177 F.2d 572, 576—quite clear if he chooses and, where he does not, it enables the parties to rely upon a convenient rule of thumb in line with the general federal principle.[1]

It is because the opinion and decision herewith searches for a supposed intent contrary to the formal record that I think it represents an unfortunate retreat into a subjective approach to the question of appealability. Up until the last decree below, it was quite clear that the judge was holding open this issue as to the ultimate liability of the impleading defendant; the fact that he says so thus emphatically earlier lends further point to the contrast of the final decree. For that not only left nothing at all open for further decision so far as its formal statement is concerned, but, in addition, constituted a definite rejection of a decree submitted by one of the parties which would specifically have retained this issue for further consideration. I do not see how we can go behind this on what is no more than a guess or a conclusion as to what we think the judge should have thought—based, in turn, upon his failure to make formal findings and write a formal

---

1. The suggestion that this new rule may be invalid (cf. Kaufman & Ruderman, Inc., v. Cohen & Rosenberger, Inc., 2 Cir., 177 F.2d 849, 850 n. 1) thus seems to me not capable of being sustained, so far at least as increasing appellate jurisdiction over matters unsettled below is concerned. For a district judge has obvious power, exercised over and over, to treat all and sundry matters as interlocutory when he so desires, holding them for further hearing, for the receipt of further evidence, even

for the presentation to him of findings or a form of final decree. The new rule does no more than hold this to be his purpose unless he makes clear and precise his contrary intent. The only possible question as to validity would seem limited to the case where a judge tries to make a clearly interlocutory order—say, a grant of permission to amplify a complaint—final; but district judges show no proneness to such judicial fooleries, and that question is probably academic.

opinion. The contrast with such cases as the Audi-Vision case is so striking as to point the moral. Thus in the cited case the judgment appealed from assumed to pass upon the complaint and the second counterclaim, but not the first counterclaim; and, if further clarification were needed, the district judge's opinion pointed out that the issue made on the first counterclaim would be determined by a trial. Here there seems to me no room for interpretation, and our opinion only guesswork as to the judge's mental processes.

Since the judge failed to make findings, I am perfectly willing to return the case for this purpose, though our attempts to obtain such perfecting of a record in the past have never been successful enough to make me regard such a course as invariably essential. Nevertheless I am willing to try once more, but am convinced our order should be a reversal of the decision below and a remand for findings, with authority to the district judge to receive further evidence if he so desires.