GLORIA STEAMSHIP COMPANY, Inc.,
Respondent-Appellant,

v.

Jessie SMITH, Libellant-Appellee.

GLORIA STEAMSHIP COMPANY, Inc.,
Respondent-Appellant,

v.

ATLANTIC & GULF STEVEDORES,
INC., Third-Party Respondent-
Appellee.

No. 23166.

United States Court of Appeals
Fifth Circuit.

April 13, 1967.

Rehearing Denied May 9, 1967.

Leon Sarpy, J. Dwight LeBlanc, Jr., New Orleans, La., for respondent-appellant; Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., of counsel.

Harold J. Lamy, Guy Johnson, New Orleans, La., for libellant-appellee, Dodd, Hirsch, Barker & Meunier, New Orleans, La., of counsel.

Christopher Tompkins, New Orleans, La., for Atlantic & Gulf Stevedores, Inc., Deutsch, Kerrigan & Stiles, New Orleans, La., of counsel.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

DYER, Circuit Judge:

On August 15, 1960, appellee Smith was employed as a longshoreman by Atlantic & Gulf Stevedores, Inc. Atlantic was in charge of unloading the S.S. GLORIA DUNAIF, owned by appellant Gloria Steamship Company, Inc. Smith was instructed, in the course of his duties, to descend a ladder into the lower hold of the ship to remove a hatch board which had fallen into a cargo of grain. The ladder was permanently affixed to the interior structure of the ship and was located in the forward section of the number 3 hatch. It ran from the between-deck section to the lower hold. The ladder was constructed of two metal uprights with metal cross-rungs welded to the uprights.

While Smith descended the ladder one of the cross-rungs, located several feet down the ladder, pulled free in his hand, causing him to lose his balance, fall backwards, and land some ten feet below on the steel bucket of a crane, resulting in his injury. The ladder rung had been damaged by the steel bucket of the crane during the unloading operation by Atlantic.

Smith filed a libel *in rem* and *in personam* against the vessel and her owners on October 5, 1960, alleging unseaworthiness and negligence of the officers and crew. Gloria Steamship Company answered on March 7, 1961. On February 25, 1964, Gloria filed its petition under the 56th Admiralty Rule to implead Atlantic. On March 25, 1964, Atlantic moved to dismiss the petition for impleader on the ground of laches. The motion to dismiss was granted on April 1, 1964, no reason being given other than "laches". The case was tried on June 15, 1964. The District Court found that the defective ladder rendered the GLORIA DUNAIF unseaworthy; that Smith was disabled for seventeen weeks during which time he lost wages of between $100 and $125 per week; that his medical expenses were $271.78, and that his pain and discomfort lasted for at least one year. A decree was entered, granting judgment in favor of Smith for $13,000. Atlantic was then permitted to intervene for reimbursement of compensation it had paid to Smith, and a summary judgment was granted in its favor for $756.00.

Gloria appealed, asserting that there should not have been a judgment adverse to it; that the judgment was excessive; and that its impleader petition should not have been dismissed because of laches.

Atlantic's motion to dismiss the appeal against it for lack of jurisdiction because of Gloria's failure to appeal the dismissal of the impleader petition within the fifteen day period [1] and because of a defective notice of appeal was carried with the case and is now denied.

■ The minute entry dismissing the petition to implead was an appealable interlocutory order. Benevento v. United States, 2 Cir., 1947, 160 F.2d 487 and Ryan Stevedoring Co. v. United States, 2 Cir., 1949, 175 F.2d 490, cert. den. 338 U.S. 899, 70 S.Ct. 249, 94 L.Ed. 553. Gloria had the choice of appealing from that order within fifteen days or of awaiting a final decree, for all interlocutory orders are reviewable on appeal from the final decree. Barron & Holtzoff, Federal Practice and Procedure (1953) Vol. 3A, Sec. 1552, p. 57; Victor Talking Machine Co. v. George, 3 Cir., 1939, cert. den. 308 U.S. 611, 60 S.Ct. 176, 84 L.Ed. 511; reh. den. 308 U.S. 638, 60 S.Ct. 294, 84 L.Ed. 530, 309 U.S. 693, 60 S.Ct. 466, 84 L.Ed. 1034. Gloria's notice of appeal to this Court from the final decree of the District Court invoked the jurisdiction of this Court to examine the interlocutory order as well as the final decree.

■■ Turning to Gloria's specification of errors, we need spend little time

1. 28 U.S.C.A. § 2107.

on its complaint that there should not have been a judgment adverse to it. We may not set aside the District Court's findings unless they are clearly erroneous. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20. Far from being clearly erroneous we find substantial evidence in the record to support the findings.

■ The thrust of Gloria's argument concerning excessive damages is that the District Court awarded Smith ten thousand eight hundred odd dollars for pain, suffering and disability for an injury that was disabling for only seventeen weeks. It would serve no purpose to relate the differing expert opinions of the testifying doctors concerning the extent of Smith's pain and suffering. There is evidence that after Smith returned to work he experienced pain and discomfort for well over a year, and for at least fifteen months after the accident he was having substantial back difficulty. We cannot say that there was an abuse of discretion in the award for this element of damage. Gardner v. National Bulk Carriers, Inc., 4 Cir., 1964, 333 F.2d 676; McAllister v. United States, supra.

We conclude that the decree in favor of Smith against Gloria, subject to the lien in favor of Atlantic for compensation, should be affirmed.

■ We disagree, however, with the District Court that the petition of Gloria to implead Atlantic under Admiralty Rule 56 should have been dismissed because of laches. Laches involves not only delay but also a showing that the delay resulted in prejudicial harm. As this Court said in Point Landing, Inc. v. Alabama Dry Dock and Shipbuilding Co., 5 Cir., 1958, 261 F.2d 861, 865: "Laches is much more than time. It is time plus prejudicial harm, and the harm is not merely that one loses what he otherwise would have

kept, but that delay has subjected him to a disadvantage in asserting and establishing his claimed right or defense." See also Molnar v. Gulf Coast Transit Co., 5 Cir., 1967, 371 F.2d 639.

The only showing of prejudice made by Atlantic is that the Master of the Gloria had given testimony adverse to Atlantic in his 1964 deposition, relying on 1960 records, and then had sailed for Pakistan to be gone until after trial without Atlantic having had opportunity to object, cross-examine or depose him. There is no prejudicial harm shown here for the impleading petition was filed some three and one-half months prior to the trial of the case, and this should have been sufficient time for Atlantic to have taken the Master's deposition. If for some inexplicable reason this couldn't have been accomplished, the District Court could have severed the impleader action and proceeded with the cause, or continued the trial until the Master's evidence was available. There was also no showing that the records from which the Master testified were not still accessible.

In addition, there is no prescriptive period under the Louisiana law that, if analogously applied, would bar the impleader.[2] The impleader claim should not have been dismissed for laches. Vega v. The Malula, 5 Cir., 1961, 291 F.2d 415.

The judgment in favor of Jessie Smith and against Gloria Steamship Company, Inc., is affirmed; the motion of Atlantic & Gulf Stevedores, Inc., to dismiss the appeal is denied; and the dismissal of the petition of Gloria Steamship Company, Inc., under Admiralty Rule 56, to implead Atlantic & Gulf Stevedores, Inc., is reversed and the cause is remanded for a trial on the impleader issues only.

Affirmed in part; reversed in part.

2. Under Article 3544 of the Civil Code of Louisiana, the prescriptive period for enforcement of a contract, in this case against Atlantic, is ten years. That Gloria's right to indemnity is on the basis of contract is unquestioned. Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corporation, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133; Weyerhaeuser Steamship Company v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491; Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Company Inc., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed. 732.