AMERICAN COMMERCIAL LINES, INC., Owner, and Inland Tugs Co., Owner, pro hac vice, of the BARGE CHEM-104 in an Action for Exoneration From and/or Limitation of Liability, Appellees,

American Commercial Lines, Inc., and Inland Tugs Co., Corporations,

v.

The UNITED STATES of America.

Gerald FOX,

v.

The UNITED STATES COAST GUARD and the United States of America, in personam.

Gerald FOX,

v.

AMERICAN COMMERCIAL BARGE LINE COMPANY, a corporation, and Monsanto Company, a corporation,

Jerald Semar, Late Claimant, Appellant.

No. 84–1136.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1984.

Decided Oct. 24, 1984.

Henry Sintzenich, East Alton, Ill., for appellant.

Michael D. O'Keefe, St. Louis, Mo., for appellees.

Before BRIGHT, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

When a vessel owner files a complaint in district court for limitation of liability pursuant to statute, that court is empowered to establish a "monition period" during which all claimants must file their respective claims under pain of default. *See* Fed. R.Civ.P., Supp.R. for Certain Admiralty and Maritime Claims, F(4).[1] For cause shown, however, the court may enlarge this period in order to entertain late claims. In this case we must decide whether the District Court[2] abused its discretion by denying appellant Semar leave to file a late claim under Rule F(4). Finding no abuse of discretion, we affirm.

The facts relevant to this appeal can be stated briefly. On March 4, 1981 the barge CHEM-104, in the tow of the tugboat M/V R.W.NAYE, ran aground near Mile 253 or 254 of the Mississippi River within the territorial waters of the State of Missouri, releasing liquid styrene into the river and styrene vapor into the atmosphere. Semar was a deckhand aboard the M/V R.W. NAYE at the time of the mishap. On March 4, 1983 American Commercial Lines,

---

1. Supplemental Rule F(4) provides:

 [T]he court shall issue a notice to all persons asserting claims with respect to which the complainant seeks limitation, admonishing them to file their respective claims with the clerk of the court ... on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for filing of claims.

2. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

Inc. (owner of the vessels) and Inland Tugs Co. (operator of the vessels and owner *pro hac vice* of the CHEM-104) sought exoneration from and/or limitation of liability pursuant to 46 U.S.C. § 181 *et seq.* The District Court gave all potential claimants until April 29, 1983 to file their claims, ordered that notice of monition be published in the St. Louis Globe-Democrat as prescribed by Rule F(4), and defaulted all non-filing parties on June 21, 1983. Gerald Fox having filed the single timely claim, the trial of the cause was set for September 19, 1983 but was subsequently rescheduled for January 23, 1984 at the request of Fox's attorney. On January 6, 1984 Fox's attorney filed on behalf of Semar a motion for leave to file a late claim for personal injury. On that same day the District Court conducted a hearing on Semar's motion and entered an order denying it. Semar appeals from that order.

 The withholding of permission to file claims after expiration of the monition period is discretionary with the trial court. *Meyer v. New England Fish Co. of Oregon,* 136 F.2d 315, 316 (9th Cir.), *cert. denied,* 320 U.S. 771, 64 S.Ct. 83, 88 L.Ed. 461 (1943). Upon a showing of cause, however, permission to file a late claim is freely granted so long as (1) the limitation proceeding is pending and undetermined and (2) the rights of the parties will not be adversely affected. *See Sagastume v. Lampsis Navigation Ltd.,* 579 F.2d 222 (2d Cir.1978); *Jappinen v. Canada Steamship Lines, Ltd.,* 417 F.2d 189 (6th Cir.1969).

 In the instant case, the limitation proceeding was pending and undetermined when Semar came forward with his claim. As cause for filing a late claim, Semar represented to the District Court that he had no actual notice of the pending action

or of the limitation period, but only constructive notice thereof by reason of the newspaper publication, until he was given actual notice of same by counsel a few weeks before the filing of his motion. In opposing Semar's motion, appellees presented to the District Court several reasons why prejudice would result if that motion were granted. First, appellees stated that they were prepared to go to trial on January 23, the long-appointed day therefor, but would be unable to go to trial on that date were they required to defend against a late claim by a previously unknown claimant. Second, appellees advised the District Court that they had been informed by members of the boat's crew that Fox's counsel had been calling those crew members to see whether they would be interested in filing an action. In that connection, appellees reminded the District Court that the firm representing Fox had been involved in the limitation proceeding from its inception. Finally, appellees pointed to the conflict of interest between Fox and Semar, since, if the filing of Semar's claim were allowed he and Fox would become rival claimants against the limitation fund. Thus there was at least potential prejudice to Fox,[3] and a probable conflict of interest by Fox's counsel in his dual representation of the two claimants.[4]

 We emphasize that this is not a case like *Sagastume,* 579 F.2d 222, and *Jappinen,* 417 F.2d 189, in each of which, upon a showing of cause by the late claimant that was not counterbalanced by some showing of prejudice to other parties, the reviewing court applied an abuse of discretion standard and reversed the district court's refusal of the late claim. In the instant case, the District Court was squarely confronted with competing considerations of cause ad-

---

**3.** On appeal counsel argues that the District Court could have protected Fox by subordinating Semar's claim to Fox's, a method used when a late claim was allowed to be filed in *Esso Brussels—C.V. Sea Witch,* 1975 American Maritime Cases 1121 (S.D.N.Y.1975). The short answer to this argument is that no one brought this method to the attention of the District Court or asked the District Court to adopt it. Hence this is not a factor we can consider in reviewing

the order of the District Court under the abuse of discretion standard.

**4.** This conflict of interest arose when Fox's counsel presented Semar's late claim for filing, if not earlier, and hardly could be cured by counsel's offer to withdraw and let Semar find other counsel.

vanced by Semar and of prejudice advanced by appellees and necessarily had to weigh and balance those considerations in reaching its decision on Semar's motion. The District Court was familiar with the case, the parties, and the claims asserted therein. Judge Nangle had presided over the limitation proceeding from the time it was filed. Thus he was in the best possible position to engage in the requisite balancing and to exercise his discretion with respect to the grant or denial of Semar's motion. We would have been assisted in our review of this matter if the District Court had set forth for the record its reasons for denying that motion. Nevertheless, on the record before us we cannot say that the District Court abused its discretion in not allowing the late claim.

Accordingly, the order appealed from is affirmed.