In the Complaint and Petition of **LLOYD'S LEASING LIMITED, As Owner and Cammell Laird Shipbuilders, Ltd., et al., Petitioners–Appellees,**

v.

James **BATES, Martin Behrend, et al., and Port Arthur Vietnamese Community, et al., etc., Claimants–Appellants.**

No. 89–2310.

United States Court of Appeals, Fifth Circuit.

June 4, 1990.

---

R. Scott Blaze, Mee Lon Lam, Dept. of Justice, Civ. Div., Washington, D.C., for the U.S.

Before HIGGINBOTHAM, SMITH and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

## FACTS AND PROCEEDINGS BELOW

The M/T Alvenus ran aground near Cameron, Louisiana on July 30, 1984.[1] The grounding caused an oil spill of 2–3 million tons of crude which eventually washed ashore in the Galveston, Texas area.

On August 7, 1984 the appellees filed a complaint for limitation of liability. The court issued a monition and restrained the prosecution of other claims. Notice that all claims should be filed by December 31, 1984 was published in area newspapers and distributed to parties known to have a claim. Bates and five others timely filed a claim on behalf of themselves and all other shrimpers similarly situated.

On October 6, 1987 the appellants moved for class certification. The district court denied the motion on January 22, 1988. *In re Lloyd's Leasing Ltd.*, 697 F.Supp. 289 (S.D.Tex.1988). On June 1, 1988 a group of Vietnamese fishermen and a group of approximately 240 named individuals who claimed to be associated with the commercial fishing industry sought to join the Bates class or, in the alternative, to late file claims. The motion was denied on July 8, 1988. Motions to reconsider both of these rules were filed. The motions were denied on February 23, 1989 and the appellants filed a timely notice of appeal.[2] Before we may reach the merits of this case,

Otto D. Hewitt, J.D. Bashline, Ervin A. Apffel, Jr., Michael L. Neely, Galveston, Tex., and Susan Theisen, Asst. Atty. Gen., Austin, Tex., for petitioners.

Wendell C. Radford, Beaumont, Tex., for claimant, Johnson Marine, Inc.

Lester J. Lautenschlaeger, Jr., New Orleans, La., for interested party, Lake Charles Pilots, Inc., et al.

John M. Elsley and James Patrick Cooney, Royston, Rayzor, Vickery & Williams, Houston, Tex., for appellees.

Henry S. Morgan, Theodore Dimitry, Knox D. Nunnally, Vinson & Elkins, Constance M. Walker, Houston, Tex., for Conoco, Inc.

---

1. The facts of this case may be found summarized in an unrelated appeal. *See Lloyd's Leasing Ltd. v. Conoco,* 868 F.2d 1447 (5th Cir.) *cert. denied,* ─── U.S. ───, 110 S.Ct. 405, 107 L.Ed.2d 371 (1989).

2. The notice of appeal was filed on March 27, 1989. Under 28 U.S.C. § 1292(a)(3) the appel-

lants had 30 days to file a notice of appeal. *See Stoot v. Fluor Drilling Services, Inc.,* 851 F.2d 1514, 1516–17 (5th Cir.1988) (holding that F.R. A.P. 4(a)(1) supersedes 28 U.S.C. § 2107). The thirtieth day fell on March 25, 1989 which was a Saturday. The appellants, therefore, had until the 27th of March in which to file a notice of appeal. Fed.R.Civ.P. 6(a).

we must first dispose of the appellee's argument that we lack jurisdiction to entertain this interlocutory appeal.

### Jurisdiction

In *Stoot v. Fluor Drilling Services, Inc.*, 851 F.2d 1514, 1516 (5th Cir.1988) we stated:

> 28 U.S.C. § 1292(a)(3) permits immediate appeals from interlocutory decrees determining the rights and liabilities of parties to admiralty cases.... An interlocutory decree which finally determines the liability of at least one party to a maritime suit is appealable under § 1292(a)(3) even if damages haven't been finally computed.

*Stoot* stands for the proposition that in admiralty the liability of only one party need be determined for an interlocutory appeal to lie. *See also Martha's Vineyard Scuba HQ. v. Unidentified Vessel,* 833 F.2d 1059, 1064 (1st Cir.1987). In *Gloria v. Steamship Co.*, 376 F.2d 46 (5th Cir.1967), for example, the district court dismissed a third party plaintiff's claims on the ground that they were time barred. The court noted that this was an "appealable interlocutory order." *Id.* at 47. The instant case is similar to *Gloria.* The district court, by holding that the appellants could neither file late claims nor maintain a class action, dismissed some of the plaintiffs from the suit.

### Limitation of Liability and the Class Action

The court below denied class certification on the grounds that a class action could not be maintained in a limitation of liability proceeding and, in the alternative, that the class failed to meet the "numerosity" requirement of Fed.R.Civ.P. 23. *In re Lloyd's Leasing Ltd.*, 697 F.Supp. at 292. We agree that a class action may not be instituted in a limitation proceeding and do not reach, therefore, the alternative ground for the district court's judgment. Supplemental Rule A for Certain Admiralty and Maritime Claims states: "The general Rules of Civil Procedure ... [are] applicable to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules." The issue before us, which is one of first impression, therefore, is whether the class action is inconsistent with a limitation of liability proceeding.

The two rules are inconsistent in numerous fashions. First, the class action interferes with the concursus contemplated by the limitation of liability proceeding. Under Rule F, all claims must be filed within the monition period or they are barred. A judgment in a limitation proceeding binds the entire world. The notice provisions of Supplemental Rule F are designed to warn potential claimants that they must file their claims within the monition period or lose them. In a class action, on the other hand, an individual may opt out of the class and not be bound by the judgment. The notice provisions of Fed.R.Civ.P. 23 are designed to warn the class members that if they wish not to be bound by the judgment, they must opt out of the class. If the litigants in a limitation proceeding were allowed to opt out and not be bound by the judgment, it would destroy the concursus. Second, the notice requirements of the limitation proceeding are more restrictive than the notice requirements of the class action. Fed.R.Civ.P. 23(c)(2) requires "individual notice to all members who can be identified" and the "best notice practicable under the circumstances" as to all others. Supplemental Rule F(4) also requires individual notice to all "persons asserting claims" but mandates notice by publication as to all others. Third, the entire thrust of Supplemental Rule F is that each claimant must appear individually and this is obviously inconsistent with the class action. Staring, *Limitation Practice and Procedure,* 53 Tul.L.Rev. 1134, 1150 (1979). In short, "[t]he two rules are incompatible, and class representation in the sense of Rule 23 should therefore not be allowed in limitation proceedings." *Id.*

### Late Filed Claims

The district court denied a motion to file late claims by a group of Vietnamese fishermen and a group of approximately 240 individuals who claim to be associated

with the commercial fishing industry. Supplemental Rule F(4) states that once the vessel owner has complied with certain requirements, the district court "shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims ... [within a certain time period]. For cause shown, the court may enlarge the time within which claims may be filed." In *Texas Gulf Sulphur v. Blue Stack Towing Co.*, 313 F.2d 359 (5th Cir. 1963) Judge Brown wrote: "[S]o long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims ... upon a showing of the reasons therefor." *Id.* at 362 (citations omitted). *See also American Commercial Lines, Inc. v. United States*, 746 F.2d 1351, 1353 (8th Cir.1984) (per curiam); *Sagastume v. Lampsis Nav. Ltd.*, 579 F.2d 222, 224 (2nd Cir.1978); and *Jappinen v. Canada Steamship Lines*, 417 F.2d 189, 190–91 (6th Cir.1969). The decision to deny permission to late filed claims is reviewed under an abuse of discretion standard. *Texas Gulf Sulphur*, 313 F.2d at 363.

The reason normally given for not timely filing a claim is lack of actual notice. Courts have held that it was an abuse of discretion to deny permission to late file claims when the claimant did not speak the language in which the notice was published or when the notice was not published in the claimant's geographical area. *See, e.g., Sagastume v. Lampsis Nav. Ltd.*, 579 F.2d 222, 224 (2nd Cir.1978) and *Jappinen v. Canada Steamship Lines*, 417 F.2d 189, 190 (6th Cir.1969). The appellants argue that the Vietnamese claimants, most of whom do not speak English and who live in a fairly isolated community, did not receive actual notice. The group of individuals associated with the commercial fishing industry, on the other hand, have no such excuse for not timely filing their claims. They speak English and live in the area

where the notice was published. Thus, no error was committed in denying them permission to late file claims.

■ Although the issue is somewhat closer with regard to the Vietnamese fishermen, the district court did not abuse its discretion in not allowing them to late file claims. The *Texas Gulf Sulphur* court noted "relief from a tardy claim is not a matter of right. It depends upon an equitable showing.... The instances in which we can declare that the action is so lacking in reason as to constitute an abuse of discretion will be, as they have been, rare indeed." 313 F.2d at 363 (citations omitted). In the instant case the court below held that it could not allow the Vietnamese claimants "into the current case four years after commencement of the case. Such action would cause great disruption and further lengthen an already lengthy case." The district court's decision is not one of those rare instances which constitutes an abuse of discretion. *See American Commercial Lines*, 746 F.2d at 1353–54.

■ The appellants also contend that their claims are not late because the filing of the class action served to toll the running of the statute of limitations until certification was denied. *See, e.g., American Pipe and Const. Co. v. Utah*, 414 U.S. 538, 550, 554, 94 S.Ct. 756, 764, 766, 38 L.Ed.2d 713 (1974). The appellants argue that since class certification was denied on January 22, 1988 and their claims were filed on June 1, 1988, their claims were effectively filed within the monition period.[3]

The vice in the appellant's argument is that it ignores the grounds for the holding in *American Pipe*. The Court did not want parties filing suits and motions to intervene in order to escape the danger of the statute of limitations when a decision as to the viability of the class action was pending because such activities would destroy the efficacy of the class action. To

---

3. The district court issued the monition on August 8, 1984 and ordered potential claimants to file their claims by December 31, 1984. The monition period was almost five months long

and the appellants filed their claims in less than five months from the date that the class action was denied.

372

achieve this end the *American Pipe* Court held that the "commencement of the action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit" because "[t]o hold otherwise would frustrate the principal function of a class suit." 414 U.S. at 551, 94 S.Ct. at 765. In the instant case, there is no danger of frustrating the purpose of the class action because no such action may be maintained in a limitation proceeding. The filing of numerous individual claims is not a danger to be avoided but an activity which the limitation proceeding invites by its notice provisions and its relaxed attitude towards the filing of claims after the monition period has expired.

### Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.